# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00253-MR
# (CRIMINAL CASE NO. 1:04-cr-00024-MR-3)

| | |
|---|---|
| RONALD MACKEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]. Petitioner is represented by attorney David G. Belser.

In his Motion, Petitioner contends that his sentence should be vacated because the predicate offenses used to trigger his mandatory life sentence under the Controlled Substances Act no longer constitute prior felony convictions in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In its Response, the Government waives the applicable one-year limitations period and agrees that Petitioner was improperly sentenced based on a mandatory minimum term of imprisonment that was improperly

calculated in light of Simmons. Accordingly, the Government concedes that Petitioner is entitled to resentencing.

I.  **BACKGROUND**

On April 5, 2004, the Grand Jury for the Western District of North Carolina charged Petitioner Ronald Winslow Mackey, Jr., along with four codefendants, with conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. [Criminal Case No. 1:04-cr-00024, Doc. 9: Indictment]. Following Petitioner's indictment, the Government filed an information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties under the Controlled Substances Act based on Petitioner's prior convictions for two drug offenses. [Id., Doc. 48: Information]. Specifically, the Government identified Petitioner's two prior convictions for possession with intent to manufacture, sell or deliver cocaine, in North Carolina Superior Court for Buncombe County. [Id., Doc. 161-3 at ¶¶ 33; 38: PSR]. At the time of his convictions, the most prison time Petitioner could have received for either conviction under the North Carolina Structured Sentencing Act was twelve months.

Petitioner pled guilty to the drug conspiracy charge, pursuant to the terms of a written plea agreement. [Id., Doc. 52: Plea Agreement; Doc. 64: Acceptance and Entry of Guilty Plea]. In preparation for sentencing, the probation officer prepared a presentence investigation report (PSR), calculating a guidelines range of 210 to 262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. [Id., Doc. 161-3 at ¶ 93: PSR]. The probation officer advised, however, that Petitioner faced a statutory, mandatory minimum of life in prison in light of the Government's § 851 notice. [Id. at ¶ 92].

Prior to sentencing, the Government filed a motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines in order to reflect Petitioner's substantial assistance. [Id., Doc. 103: Gov't Motion for Downward Departure]. In the motion, the Government recommended a departure to a range of 292 to 365 months' imprisonment, based on an offense level of 35 and criminal history category of VI, and a sentence at the low end of the departure range. [Id.]. This Court granted the Government's motion and accepted its recommendation, sentencing Petitioner to 292 months in prison. [Id., Doc. 110: Judgment].

Petitioner filed a timely notice of appeal. [Id., Doc. 108: Notice of Appeal]. On June 17, 2005, the United States Court of Appeals for the

Fourth Circuit dismissed Petitioner's appeal for failure to prosecute. [Id., Doc. 116]. Petitioner filed the instant motion to vacate his sentence on August 23, 2012, contending that he is entitled to relief in light of Simmons. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period, and the Government states that it concedes that Petitioner is entitled to be resentenced without application of a mandatory minimum life sentence.[1]

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999),

---

[1] Although the Government does not state as such in its Response, it also appears that the Government is waiving its right to enforce Petitioner's waiver in the written plea agreement of his right to challenge his conviction and sentence based on any grounds except those specified in the agreement, such as ineffective assistance of counsel or prosecutorial misconduct. [Criminal Case No. 1:04-cr-00024, Doc. 52 at 5].

5

and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, __ F.3d __, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

As the Government notes, this Court enhanced Petitioner's sentence based on prior state court drug-trafficking convictions for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. The Government states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons. The Government further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is

violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. The Government asserts that although this Court had discretion to depart from the mandatory life sentence in light of the Government's 5K1.1 motion, the departure was calculated by reference to the erroneous determination that Petitioner faced a mandatory life sentence and the Court's discretion was limited to departing based only on Petitioner's substantial assistance. The Government therefore states that it concedes that because application of the mandatory minimum deprived this Court of discretion, Petitioner was sentenced in violation of the Due Process Clause, as established in Hicks. The Government has, therefore, declined to assert the one-year limitations period so Petitioner may be resentenced without consideration of the mandatory life sentence applied by this Court before departing downward based on Petitioner's substantial assistance.

Because the Government has expressly waived the one-year limitations period and has requested that Petitioner be resentenced, the Court will grant the motion to vacate and resentence Petitioner without consideration of a mandatory life sentence.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** in that Petitioner's sentence is vacated and Petitioner shall be resentenced. In all other respects, Petitioner's conviction and judgment remains undisturbed

**IT IS FURTHER ORDERED** as follows:

(1) The United States Marshal shall have the Petitioner present in Asheville, North Carolina, for the December 17, 2013 sentencing term;

(2) The Clerk of Court shall calendar this matter for that term;

(3) Attorney David G. Belser shall continue his representation of the Petitioner for resentencing; and

(4) The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide notification and/or copies of

this Order to the United States Attorney, counsel for the Petitioner, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: October 28, 2013

Martin Reidinger
United States District Judge